LEO TAUSSIG, on Behalf of Himself and All Others Similarly Situated, Plaintiff, *v.* JOSEPH N. WEBER, Individually and as President of the AMERICAN FEDERATION OF MUSICIANS, and Another, Defendants.

Supreme Court, New York County, April 1, 1924.

**Injunctions — action to compel reinstatement of plaintiff as member of American Federation of Musicians and to enjoin defendants from boycotting plaintiff — local union, in which plaintiff held membership, expelled by national body — expulsion of local union carried with it loss by its members of membership in national body — injunction denied and complaint dismissed.**

In an action to compel the reinstatement of the plaintiff as a member of the American Federation of Musicians and to enjoin the defendants from boycotting the plaintiff and others similarly situated, the complaint will be dismissed upon the merits and the application for the injunction denied, where it appears that the local union in which the plaintiff held membership was suspended after the filing of charges, a hearing after a reasonable notice, and a decision by the authorized committee of the American Federation of Labor with which the American Federation of Musicians was affiliated; and that there was nothing to warrant an inference of an illegal conspiracy in the suspension of plaintiff's local by the national body.

ACTION to reinstate plaintiff as a member of the American Federation of Musicians and for an injunction.

*Hale, Nelles & Shorr*, for the plaintiff.

*Charles L. Hoffman* and *Henry A. Friedman*, for the defendants.

BLACK, J. Plaintiff was a member of the Musical Mutual Protective Union, which was Local 310 of the American Federation of Musicians. The Local 310 was expelled from the American Federation of Musicians. Plaintiff claims that by the expulsion of Local 310, which deprived him of his membership in the American Federation of Musicians, he was deprived of his valuable status as a member without due process of law, was injured in his professional standing as a musician and became the victim of a malicious boycott in restraint of trade. He claims that by reason of being a member of Local 310 he thereby became a member of the American Federation of Musicians, of which 310 was a member, and that he

retains his membership in the American Federation notwithstanding the expulsion of his Local 310 and that his membership in the federation continues until he is tried and dismissed upon charges by the American Federation of Musicians. Plaintiff seeks reinstatement as a member by the American Federation because he claims that the expulsion of the Local 310 does not affect his membership in the federation. Plaintiff asks that he and others similarly situated be reinstated as members of the American Federation of Musicians and that defendants be restrained from boycotting him and others similarly situated or from coercing or intimidating or inducing any person not to employ or dismiss plaintiff or others similarly situated because he or they are not members in good standing of Local 802 of the American Federation of Musicians, or from forbidding or preventing members of the American Federation of Musicians or any other person from performing or becoming or remaining employed in the same place or under the same employer with plaintiff or others similarly situated because plaintiff or such other person is not a union man or is not a member of Local 802 of the American Federation of Musicians, or from disciplining or discriminating against any person because he has employed plaintiff or others similarly situated, or from obstructing plaintiff from pursuing his profession in accordance with his standing and ability. Counsel for plaintiff claims that members, by reason of their membership in locals of the American Federation of Musicians, become members of the American Federation of Musicians, the parent or national body. The cases furnished by plaintiff only hold that they are members of the parent or national body when the local was in good standing. As long as a local is in good standing its members are members of the American Federation of Musicians, but when a local is expelled its members cease to be members of the parent or national body, the American Federation of Musicians. If the rule were otherwise a local might violate every rule of the parent organization and be expelled and then every member could claim that the expulsion did not affect his membership, which would remain just as valid after as before the violation by the local. The expulsion of Local 310 carried with it the loss by its members of membership in the American Federation of Musicians. If a local could be expelled without affecting its members the expulsion would amount to nothing, because it could not be enforced. The complaint of plaintiff is dismissed upon the merits because his local (310) was suspended after the filing of charges, a hearing after reasonable notice and a decision by the authorized committee of the American Federation of Labor. The membership of plaintiff in the American Federation of Musicians depended upon the

affiliation of Local 310 with the American Federation of Musicians. When Local 310 was expelled from affiliation with the American Federation of Musicians plaintiff's membership in the American Federation of Musicians, together with his rights and privileges thereunder, thereby ceased. As I have held in the case of *Musical Mutual Protective Union* v. *Weber,* 123 Misc. Rep. 182, there was no illegal conspiracy in the suspension of Local 310 by the American Federation of Musicians and consequently there was no malicious boycott, as plaintiff claims. Submit findings.

Judgment accordingly.